Dion T. ANDERSON, Plaintiff—
Appellant,

v.

Robert D. PLATT, Defendant—
Appellee.

No. 03–15209.

D.C. No. CV–02–01698–WBS(DAD).

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 29, 2004.

Dion T. Anderson, Soledad, CA, pro se.

Constance Picciano, Esq., Attorney General's Office, Sacramento, CA, for Defendant–Appellee.

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

MEMORANDUM **

Dion T. Anderson, a California state prisoner, appeals pro se the district court's judgment dismissing under 28 U.S.C. § 1915A(b)(1) his 42 U.S.C. § 1983 action alleging that Robert D. Platt, the attorney appointed to represent him in his state court criminal case, committed malpractice and caused him to be convicted. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213

F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Anderson's section 1983 claims against Platt because Platt was not acting under the color of state law. *See Polk Cty. v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that an attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The district court also properly held that Anderson's remaining claims should have been brought as a habeas corpus action because his objective was to challenge his confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

Anderson's remaining contentions are unpersuasive.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.